QUESTION: May the property appraiser's office withdraw from the county's group insurance program and establish independently its own office group policy?
SUMMARY: A property appraiser is not within the purview of ss.112.08 and 112.12, F. S., authorizing each "county, school board, governmental unit, department, board, or bureau of this state" to provide a group insurance program for its employees and to pay "all or any portion of the premiums for such insurance out of any of its available funds." Sections 112.08-112.14, F. S., authorize the public bodies therein designated to provide certain types of group insurance for their officers and employees and to pay all or a portion of the cost of such insurance from available public funds. Section 112.11 specifically provides that participation in such a group insurance program shall be entirely voluntary on the part of each officer and employee entitled to its benefits. Thus, there is nothing to prevent you and your employees from withdrawing from the county's group insurance program. However, the answer to the question of whether your office could withdraw from the county's group insurance program and establish independently its own office group policy depends upon whether the property appraiser is within the purview of s. 112.08 authorizing "each and every county, school board, governmental unit, department, board, or bureau, of the state" to provide for a group insurance program for "the officers and employees thereof." See also s. 112.12, authorizing "[e]ach county, school board, governmental unit, department, board, or bureau of this state" to pay all or any portion of the premiums of such group insurance "out of any of its available funds." (Emphasis supplied.) Also relevant here are the provisions of s. 112.09, providing that: The election to exercise such authority shall be evidenced by resolution, duly recorded in the official minutes, adopted by the board of county commissioners in the case of a county, by the school board, in the case of a school district and by the members of the board, or department head if an individual, in the case of any state department, board or bureau, and by the governing body by resolution or ordinance in the case of any other governmental unit of the State of Florida. The property appraiser is a county official and his employees are county employees even though employed and paid by him from funds budgeted with the approval of the Department of Revenue, s. 195.087, F. S., and derived from taxing authorities other than the county, s. 192.091, id. Cf. In re Florida Board of Bar Examiners, 268 So.2d 371 (Fla. 1972), stating that the board was "a state agency under the judicial branch of the government and its employees are state employees just as, for example, legislative employees under the legislative branch are state employees" in ruling that the board's employees were entitled to participate in the state's group insurance program authorized by s. 112.075, F. S. As county employees, public funds may be and have been used to pay a portion of the premiums for the participation of the property appraiser's employees in the county's group insurance program, as authorized by s. 112.12, supra. Thus, the only real question here is whether the statute contemplates that the property appraiser or other county officials may exercise, independently of the board of county commissioners, the authority granted by s. 112.08, supra, as supplemented by s. 112.12. Pending legislative or judicial clarification, I have the view that the property appraiser should not undertake to proceed independently in this respect. It was held early on by one of my predecessors in office that s. 112.08
(adopted in 1941 as Ch. 20852, 1941, Laws of Florida) "confers authority to negotiate for and obtain insurance by the respective department heads, boards and commissions of the State and of the counties" and that "[t]here is no provision by which the powers may be exercised jointly or by any other State or county agency." (Emphasis supplied.) Attorney General Opinion 041-486, Biennial Report of the Attorney General, 1941-1942, p. 90, ruling that the state cabinet had no authority to negotiate for a group insurance policy covering all state employees. Subsequent opinions of this office have been in accord with this strict construction of the statute. Cf. AGO 067-20 (mosquito control district), AGO's 073-468 and 074-299 (fire control district), and AGO 073-32 (county expressway authorities and the Inter-American Cultural and Trade Center), in all of which the authority to provide group insurance for their respective employees under ss. 112.08 and 112.12 was denied. Accord: Attorney General Opinion 075-256, concluding that a school district had no authority under the statute to self-insure its group health insurance program for school employees. It was noted therein that the powers of the school board "are limited and defined by statute and may not be extended by construction" and that, when the right to exercise authority is doubtful, the board "should not assume that authority." These statements are equally applicable to the county official here in question and require the conclusion that, pending legislative or judicial clarification, such an independent group insurance program should not be undertaken by you. The statutes in question apply, in terms, to "the county" and to the exercise of the authority granted by means of a resolution of the board of county commissioners; and they may not be extended, by construction, to apply to county officials. I have not overlooked my opinion in AGO 073-363, concluding that the employees of a county hospital organized under Ch. 155, F. S., were "county" employees within the purview of ss. 112.08 and 112.12, supra, and that hospital funds derived from an ad valorem tax levied by the county commissioners, when properly budgeted and approved by the county commissioners, could be used to pay the premiums for group insurance for such employees. It is clear that this opinion does not stand for the proposition that a county officer or agency may proceed independently of the county commissioners to establish his or its own group insurance program; thus, it is not decisive here. Your question is, therefore, answered in the negative.